[885 NE2d 884, 856 NYS2d 31]

Monroe Yale Mann, Respondent, v Bernard Abel et al., Appellants, et al., Defendants.

Argued and submitted February 5, 2008; decided March 25, 2008

**POINTS OF COUNSEL**

*Henry R. Kaufman, P.C.,* New York City (*Henry R. Kaufman, Michael K. Cantwell* and *Beth A. Willensky* of counsel), for appellants. I. The Appellate Division erred in overlooking, or in rejecting without explanation, appellants' appeal from denial of their cross motion for summary judgment. (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Matter of Aho,* 39 NY2d 241; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 500 US 954; *Karaduman v Newsday, Inc.,* 51 NY2d 531; *Gross v New York Times Co.,* 82 NY2d 146; *Armstrong v Simon & Schuster,* 85 NY2d 373; *600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130; *Millus v Newsday, Inc.,* 89 NY2d 840; *Steinhilber v Alphonse,* 68 NY2d 283; *Brian v Richardson,* 87 NY2d 46.) II. The judgment should be reversed because it was impermissibly based on constitutionally-protected statements of opinion. (*Immuno AG. v Moor-Jankowski,* 77 NY2d 235; *Gross v New York Times Co.,* 82 NY2d 146; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369; *Brian v Richardson,* 87 NY2d 46; *Millus v Newsday, Inc.,* 89 NY2d 840, 520 US 1144; *600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130; *Steinhilber v Alphonse,* 68 NY2d 283; *Letter Carriers v Austin,* 418 US 264; *Greenbelt Cooperative Publishing Assn., Inc. v Bresler,* 398 US 6). III. The judgment should also be reversed because respondent failed to prove, by clear and convincing evidence, that appellants published any substantially false and defamatory statement of fact with actual malice. (*Prozeralik v Capital Cities Communications,* 82 NY2d 466; *Bose Corp. v Consumers Union of United States, Inc.,* 466 US

485; *Lolik v Big V Supermarkets,* 86 NY2d 744; *Grieco v Galasso,* 297 AD2d 659; *Iannaccone v 21st Century Open MRI, P.C.,* 8 AD3d 233; *Cohen v Hallmark Cards,* 45 NY2d 493; *New York Times Co. v Sullivan,* 376 US 254; *Masson v New Yorker Magazine, Inc.,* 501 US 496; *Fleckenstein v Friedman,* 266 NY 19; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369.)

*Mann & Mann, LLP,* Port Chester (*Monroe Yale Mann* of counsel), respondent pro se. I. Defendants failed in the lower court to move to set aside the verdict and failed to preserve their challenge. (*Smetanick v Erie Ins. Group,* 16 AD3d 957.) II. A libel action cannot be maintained unless it is premised on published assertions of fact; falsity is the sine qua non of a libel claim; defendants proved neither opinion privilege nor truth of published assertions against plaintiff. (*Kamalian v Reader's Digest Assn., Inc.,* 29 AD3d 527; *Gjonlekaj v Sot,* 308 AD2d 471; *Brian v Richardson,* 87 NY2d 46; *Gross v New York Times Co.,* 82 NY2d 146.) III. The jury reached its verdict on a fair interpretation of the evidence; whether a statement is defamatory is first a matter for the court, and the courts below have already made their decisions. Defendants issued the article with malice. (*Medco Plumbing, Inc. v Sparrow Constr. Corp.,* 22 AD3d 647; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402; *Cholewinski v Wisnicki,* 21 AD3d 791; *Salazar v Fisher,* 147 AD2d 470; *Curry v Roman,* 217 AD2d 314, 88 NY2d 804; *Brooklyn Law School v Aetna Cas. & Sur. Co.,* 661 F Supp 445, 849 F2d 788; *Trump v Chicago Tribune Co.,* 616 F Supp 1434; *Held v Pokorny,* 583 F Supp 1038; *Reeves v American Broadcasting Cos., Inc.,* 580 F Supp 84, 719 F2d 602; *Grass v News Group Publs., Inc.,* 570 F Supp 178.) IV. Defendants have not alleged a single affirmative defense in their answer, a requirement under New York law, nor has any privilege been asserted in their answer, also a requirement, and in any event, these were questions for the court and not the jury. Malice existed both in fact and law. (*Follendorf v Brei,* 51 Misc 2d 363; *Cheatum v Wehle,* 5 NY2d 585; *Rinaldi v Village Voice,* 79 Misc 2d 57; *Schulman v Anderson Russell Kill & Olick,* 117 Misc 2d 162; *Mercedes-Benz of N. Am. v Finberg,* 58 AD2d 808; *Bounds v Mutual of Omaha Ins. Co.,* 37 AD2d 1008; *Schaffer Stores Co. v Grand Union Co.,* 84 AD2d 614, 56 NY2d 570, 644; *Crane v New York World Tel. Corp.,* 308 NY 470; *Matter of Burmester v De Lucia,* 263 NY 315.) V. The existence of compensatory damages is presumed. (*Gatz v Otis Ford,* 274 AD2d 449; *Liberman v Gelstein,* 80 NY2d 429.) VI. Defendants' claim that actual malice was not shown is untrue, as the record clearly demonstrates, and in any event it was a

question of fact. (*Brian v Richardson,* 87 NY2d 46; *Gross v New York Times Co.,* 82 NY2d 146.) VII. The appellate court clearly reviewed all the evidence and made its decision, stating that plaintiff was defamed and entitled to compensatory damages; this decision was reached on a fair interpretation of the evidence. (*Gross v New York Times Co.,* 82 NY2d 146; *Bounds v Mutual of Omaha,* 37 AD2d 1008.)

*Levine Sullivan Koch & Schulz, LLP,* New York City (*David A. Schulz* of counsel), for Advance Publications, Inc. and others, amici curiae. I. The courts below impermissibly permitted a jury to impose damages for the expression of political opinions. (*Bose Corp. v Consumers Union of United States, Inc.,* 466 US 485; *Garrison v Louisiana,* 379 US 64; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369; *Steinhilber v Alphonse,* 68 NY2d 283; *Milkovich v Lorain Journal Co.,* 497 US 1; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235; *Brian v Richardson,* 87 NY2d 46; *Millus v Newsday, Inc.,* 89 NY2d 840; *James v Gannett Co.,* 40 NY2d 415; *Balderman v American Broadcasting Cos.,* 292 AD2d 67.) II. The courts below failed to make an independent determination of the sufficiency of the evidence of actual malice. (*Bose Corp. v Consumers Union of United States, Inc.,* 466 US 485; *Pennekamp v Florida,* 328 US 331; *Greenbelt Cooperative Publishing Assn., Inc. v Bresler,* 398 US 6; *Prozeralik v Capital Cities Communications,* 82 NY2d 466; *Freeman v Johnston,* 84 NY2d 52; *Balderman v American Broadcasting Cos.,* 292 AD2d 67; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235; *Harte-Hanks Communications, Inc. v Connaughton,* 491 US 657; *Contemporary Mission, Inc. v New York Times Co.,* 842 F2d 612; *Anderson v Liberty Lobby, Inc.,* 477 US 242.)

### OPINION OF THE COURT

PIGOTT, J.

This action for libel arises out of an article published on August 22, 2003 in the Westmore News, an independent newspaper serving the Town of Rye. The newspaper's founder, defendant Bernard Abel, wrote the article as part of his regularly featured column called "The Town Crier." The column is located on the opinion page of the newspaper and is identified by an editor's note that it represents the opinion of the author and "not necessarily that of this newspaper."

The article at issue, entitled "Borrelli on par with Marie Antoinette" (referring to Rye Town Councilman Mike Borrelli), was written by Abel during a heated local election for control of

the Rye Town Board. Under a subheading, entitled "Who is the real Mann?" Abel wrote about plaintiff Monroe Yale Mann, the Rye Town Attorney. Abel described Mann as a "political hatchet Mann" and "one of the biggest powers behind the throne" in the Town of Rye government. Abel wrote that it appeared that "Mann pulls the strings" and questioned whether Mann was "leading the Town of Rye to destruction." The article identified Mann as playing an "instrumental" role in a decision by the Port Chester School Board, some 35 years earlier, to discontinue its practice of allowing high school students from the Blind Brook School District to attend Port Chester High School.

Following publication, Mann commenced this action against defendants Abel and Westmore News, Inc., alleging that the statements contained in the article were false and published with actual malice. Before engaging in discovery, defendants moved to dismiss the complaint, contending that the action was filed in bad faith to chill the exercise of protected free speech and that the suit was frivolous. Supreme Court denied the motion and the Appellate Division affirmed without addressing defendants' constitutional claim. Thereafter, Mann moved for summary judgment on the complaint. Defendants opposed the motion and cross-moved for summary judgment asserting that the article contained only expressions of opinion by Abel. Supreme Court denied both motions on the ground that there were disputed issues of fact, and did not address whether the article constituted protected opinion. The parties were directed to proceed to trial.

At the conclusion of the trial, the jury found that the statements in the article were defamatory and that defendant Westmore News had published the statements either with the knowledge that they were false or in reckless disregard of their truth or falsity. The jury awarded Mann $75,000 in compensatory damages against Westmore News and punitive damages against both Westmore News and Abel in the amount of $15,000 each. Defendants appealed, arguing that the statements were constitutionally protected opinion. The Appellate Division upheld the jury's determination that Mann was defamed, and concluded that he was entitled to compensatory damages, albeit at a reduced amount. The court dismissed the punitive damages awards and ordered a new trial unless Mann stipulated to a reduction in the compensatory damages award, which he did, leaving in place only the reduced award against Westmore News. Defendants then appealed as of right on the basis of a substan-

tial constitutional question. We now reverse on the ground that the alleged defamatory statements constitute nonactionable statements of opinion as a matter of law.

Whether a particular statement constitutes an opinion or an objective fact is a question of law (*see Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 381 [1977], *cert denied* 434 US 969 [1977]). Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation (*see Weiner v Doubleday & Co.*, 74 NY2d 586, 593 [1989], *cert denied* 495 US 930 [1990], citing *Steinhilber v Alphonse*, 68 NY2d 283 [1986]). Distinguishing between opinion and fact has "proved a difficult task," but this Court, in furtherance of that endeavor, has set out the following factors to be considered:

> "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*Brian v Richardson*, 87 NY2d 46, 51 [1995], quoting *Gross v New York Times Co.*, 82 NY2d 146, 153 [1993], quoting *Steinhilber*, 68 NY2d at 292 [internal quotation marks omitted]).

In *Immuno AG. v Moor-Jankowski* (77 NY2d 235 [1991]), we declined to adopt an analysis that would require courts first to search the article for particular factual statements and then to hold such statements actionable unless couched in figurative or hyperbolic language (*id.* at 254). Rather, we held that "courts must consider the content of the communication as a whole, as well as its tone and apparent purpose" and in particular "should look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff' " (*Brian*, 87 NY2d at 51, quoting *Immuno*, 77 NY2d at 254).

Applying that test to the facts of this case, we hold that, when viewed within the context of the article as a whole, a reasonable reader would conclude that the statements at issue were opinion. Although not dispositive, we note that the column was

on the "opinion" page of the newspaper and accompanied by an editor's note that the article was an expression of opinion by the author. Moreover, the tenor of the column, including allegations that Mann was a "political hatchet Mann" who appeared to "pull[ ] the strings," clearly signals the reader that the piece is likely to be opinion, not fact. Likewise, the statement that Abel thought Mann's actions were "leading the Town of Rye to destruction" could not be anything but a statement of opinion. Although one could sift through the article and argue that false factual assertions were made by the author, viewing the content of the article as a whole, as we must, we conclude that the article constituted an expression of protected opinion and therefore, summary judgment should have been awarded to defendants (*see Millus v Newsday, Inc.*, 89 NY2d 840 [1996]).

Accordingly, the order of the Appellate Division insofar as appealed should be reversed with costs, and the complaint dismissed in its entirety.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order, insofar as appealed from, reversed, etc.