# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**836**
**CA 13-00451**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

ROBERT DAVIS AND MICHAEL LANG,
PLAINTIFFS-APPELLANTS,

               V                             MEMORANDUM AND ORDER

JAMES BOEHEIM AND SYRACUSE UNIVERSITY,
DEFENDANTS-RESPONDENTS.

---

CUTI HECKER WANG LLP, NEW YORK CITY (MARIANN MEIER WANG OF COUNSEL),
AND ALLRED, MAROKO & GOLDBERG, LOS ANGELES, CALIFORNIA, FOR
PLAINTIFFS-APPELLANTS.

DEBEVOISE & PLIMPTON LLP, NEW YORK CITY (HELEN V. CANTWELL OF
COUNSEL), HANCOCK ESTABROOK, LLP, SYRACUSE, AND DINSMORE & SHOHL LLP,
PITTSBURGH, PENNSYLVANIA, FOR DEFENDANTS-RESPONDENTS.

---

     Appeal from an order of the Supreme Court, Onondaga County (Brian
F. DeJoseph, J.), entered May 30, 2012. The order granted the motion
of defendants to dismiss the complaint.

     It is hereby ORDERED that the order so appealed from is affirmed
without costs.

     Memorandum: Plaintiffs commenced this defamation action seeking
damages for statements made by James Boeheim (defendant), the head
basketball coach for defendant Syracuse University (University), in
the wake of allegations by plaintiffs that they were sexually abused
by associate head coach Bernie Fine. Contrary to plaintiffs'
contention, Supreme Court properly granted defendants' motion to
dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to
state a cause of action.

     It is undisputed that Fine and defendant were long-time friends
and that Fine coached with defendant for approximately 35 years. It
is also undisputed that Robert Davis (plaintiff) had reported the
alleged abuse to the Syracuse Police Department in 2002 and to the
University in 2005. No criminal charges were brought against Fine,
and the University advised plaintiff that it had determined following
an internal investigation conducted by a law firm that the allegations
were not substantiated and that the investigation was closed.
Defendant made the alleged defamatory statements on November 17 and
18, 2011 during interviews that appeared at ESPN.com, and
syracuse.com, i.e., the online version of the Syracuse Post-Standard,
and in the New York Times. Several news articles were thereafter

published based on those interviews.  Those articles included the statements of defendant that plaintiff lied when he stated in an interview with ESPN that defendant saw plaintiff lying on the bed in Fine's hotel room in New Orleans in 1987; that plaintiffs were lying with respect to the allegations about Fine; that plaintiff had provided the University with the names of four people who could corroborate his allegations, but that the allegations were not in fact corroborated; and that, in the wake of the scandal at Penn State University involving Jerry Sandusky, a former assistant football coach at that university, plaintiffs were financially motivated in making the allegations against Fine.

"Making a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion or disgrace constitutes defamation . . . Generally, only statements of fact can be defamatory because statements of pure opinion cannot be proven untrue" (*Thomas H. v Paul B.*, 18 NY3d 580, 584).  "The issue at this early, preanswer stage of the litigation is whether plaintiff[s'] [complaint] sufficiently allege[s] false, defamatory statements of *fact* rather than mere nonactionable statements of *opinion*" (*Gross v New York Times Co.*, 82 NY2d 146, 149).  "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation" (*Mann v Abel*, 10 NY3d 271, 276, *cert denied* 555 US 1170; *see Weiner v Doubleday & Co.*, 74 NY2d 586, 593, *cert denied* 495 US 930; *Steinhilber v Alphonse*, 68 NY2d 283, 289).  Although the Court of Appeals has acknowledged that "[d]istinguishing between opinion and fact has 'proved a difficult' task" (*Mann*, 10 NY3d at 276), it has provided three factors for courts to consider in determining whether the alleged defamatory statements are actionable statements of fact or nonactionable statements of opinion (*see id.*).

We agree with plaintiffs that defendant's statements that they lied and that they did so out of a financial motivation are statements of fact when viewed in light of the first two factors set forth in *Mann*, i.e., those statements use specific language that "has a precise meaning which is readily understood" and are "capable of being proven true or false" (*id.*).  We note in particular that, when defendant was asked during the syracuse.com interview what plaintiff's "possible motivation would be to tell his disturbing story at this time," he responded that plaintiff was "trying to get money.  He's tried before.  And now he's trying again."  Although that statement may be interpreted as implying that defendant knew facts that were not available to the reader (*see Gross*, 82 NY2d at 153; *Steinhilber*, 68 NY2d at 289), we are nevertheless mindful that we "must consider the content of the communication as a whole, as well as its tone and apparent purpose and in particular should look to the over-all context in which the assertions were made and determine on that basis whether the reasonable reader would have believed that the challenged statements were conveying facts about . . . plaintiff" (*Mann*, 10 NY3d at 276 [internal quotation marks omitted]).  Furthermore, we must "avoid[] the 'hypertechnical parsing' of written and spoken words for the purpose of identifying 'possible fact[s]' that might form the basis of a sustainable libel action" (*Gross*, 82 NY2d at 156).

Defendant's statements also must be viewed in light of the third factor set forth in *Mann*, i.e., "whether either the full context of the communication in which the statement[s] appear[] or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*id.* at 276). Defendant additionally stated in the interview with syracuse.com: "So, we are supposed to do what? Stop the presses 26 years later? For a false allegation? For what I absolutely believe is a false allegation? I know [plaintiff is] lying about me seeing him in his hotel room. That's a lie. If he's going to tell one lie, I'm sure there's a few more of them . . . I have never been in Bernie Fine's hotel room in my life . . . Now, could I have once . . . one time? I have a pretty good recollection of things, but I don't ever recollect ever walking into Bernie Fine's hotel room. Ever." In his interview with ESPN, defendant stated: "I know this kid, but I never saw him in any rooms or anything . . . It is a bunch of a thousand lies that [plaintiff] has told. You don't think it is a little funny that his cousin . . . is coming forward? . . . He supplied four names to the university that would corroborate his story. None of them did . . . [T]here is only one side to this story. He is lying."

We conclude that defendant's statements demonstrate his support for Fine, his long-time friend and colleague, and also constitute his reaction to plaintiff's implied allegation, made days after Penn State University fired its long-term football coach, that defendant knew or should have known of Fine's alleged improprieties. We therefore conclude that the content of the statements, together with the surrounding circumstances, " 'are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact' " (*Mann*, 10 NY3d at 276). Based upon "the content of the communication[s] as a whole, as well as [their] tone and apparent purpose[, together with] the over-all context in which the assertions were made" (*id.*), we thus conclude that the court properly determined that defendant's statements constitute opinion, not fact.

We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.

All concur except SMITH and FAHEY, JJ., who dissent and vote to reverse in accordance with the following Memorandum: We respectfully dissent because we cannot agree with the majority's conclusion that Supreme Court properly granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. In our view, the statements of James Boeheim (defendant) of which plaintiffs complain constitute "mixed opinion," i.e., "statement[s] of opinion that impl[y] a basis in facts which are not disclosed to the reader or listener" (*Gross v New York Times Co.*, 82 NY2d 146, 153), and we would thus reverse the order, deny the motion and reinstate the complaint.

We agree with the majority that "[t]he issue at this early, preanswer stage of the litigation is whether [the complaint] sufficiently allege[s] false, defamatory statements of *fact* rather

than mere nonactionable statements of *opinion*" (*id.* at 149).  We further agree with the majority that our analysis is guided by the factors for distinguishing between expressions of opinion and assertions of fact, to wit:  " '(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact' " (*Mann v Abel*, 10 NY3d 271, 276, *cert denied* 555 US 1170; *see Thomas H. v Paul B.*, 18 NY3d 580, 584).  In view of the majority's determination with respect to the first two factors, our analysis focuses on the third factor, and with respect to that factor we note the rule requiring us to "look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable reader [or listener] would have believed that the challenged statements were conveying facts about the . . . plaintiff[s]' " (*Brian v Richardson*, 87 NY2d 46, 51, quoting *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254, *cert denied* 500 US 954; *see Mann*, 10 NY3d at 276).

Applying that rule here, and noting the principles set forth in *Leon v Martinez* (84 NY2d 83, 87-88) in light of the important point that this appeal concerns a *preanswer* motion to dismiss, we cannot agree with the majority that the complaint does not sufficiently allege false, defamatory statements of fact (*see Gross*, 82 NY2d at 153-154).  We note that the complaint alleges, inter alia, that in one interview with the Syracuse Post-Standard defendant stated, "The Penn State thing came out and the kid behind this is trying to get money.  He's tried before.  And now he's trying again . . . That's what this is about.  Money."  The complaint further alleges that defendant "made similar statements to ESPN, telling the national sports news network: 'It is a bunch of a thousand lies that [plaintiff Robert Davis] has told . . . He supplied four names to the university that would corroborate his story.  None of them did . . . there is only one side to this story.  He is lying."  According to the complaint, defendant added, "I believe they saw what happened at Penn State, and they are using ESPN to get money.  That is what I believe."

Although we are mindful of the timing of the disputed statements, we conclude that through the statements noted above the complaint sufficiently alleges false, defamatory representations of fact about plaintiffs, i.e., that Davis was lying about Bernie Fine, that Davis had previously tried to obtain money through similar allegations, and that Davis and plaintiff Michael Lang, who the complaint alleges is a relative of Davis, were doing so again through the instant allegations (*see Thomas H.*, 18 NY3d at 584; *Gross*, 82 NY2d at 156; *cf. Mann*, 10 NY3d at 276-277).  We thus agree with plaintiffs that the statements constitute mixed opinion, i.e., opinion that "implies a basis in facts which are not disclosed to the reader or listener" (*Gross*, 82 NY2d at 153).  We also conclude that "the defamatory nature of the statement[s] [at issue here] cannot be immunized by pairing [them] with [the words,] 'I believe' " (*Thomas H.*, 18 NY3d at 585).

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court