Smith and Fahey, JJ.
(dissenting). We respectfully dissent because we cannot agree with the majority’s conclusion that Supreme Court properly granted defendants’ motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. In our view, the statements of James Boeheim (defendant) of which plaintiffs complain constitute *1434 “mixed opinion,” i.e., “statement[s] of opinion that impl[y] a basis in facts which are not disclosed to the reader or listener” (Gross v New York Times Co., 82 NY2d 146, 153 [1993]), and we would thus reverse the order, deny the motion and reinstate the complaint.
We agree with the majority that “[t]he issue at this early, preanswer stage of the litigation is whether [the complaint] sufficiently allege [s] false, defamatory statements of fact rather than mere nonactionable statements of opinion” (id. at 149). We further agree with the majority that our analysis is guided by the factors for distinguishing between expressions of opinion and assertions of fact, to wit: “ ‘(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact’ ” (Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]; see Thomas H. v Paul B., 18 NY3d 580, 584 [2012]). In view of the majority’s determination with respect to the first two factors, our analysis focuses on the third factor, and with respect to that factor we note the rule requiring us to “look to the over-all context in which the assertions were made and determine on that basis ‘whether the reasonable reader [or listener] would have believed that the challenged statements were conveying facts about the . . . plaintiff[s]’ ” (Brian v Richardson, 87 NY2d 46, 51 [1995], quoting Immuno AG. v Moor-Jankowski, 77 NY2d 235, 254 [1991], cert denied 500 US 954 [1991]; see Mann, 10 NY3d at 276).
Applying that rule here, and noting the principles set forth in Leon v Martinez (84 NY2d 83, 87-88 [1994]) in light of the important point that this appeal concerns a preanswer motion to dismiss, we cannot agree with the majority that the complaint does not sufficiently allege false, defamatory statements of fact (see Gross, 82 NY2d at 153-154). We note that the complaint alleges, inter alia, that in one interview with the Syracuse Post-Standard defendant stated, “The Penn State thing came out and the kid behind this is trying to get money. He’s tried before. And now he’s trying again . . . That’s what this is about. Money.” The complaint further alleges that defendant “made similar statements to ESPN, telling the national sports news network: ‘It is a bunch of a thousand lies that [plaintiff Robert Davis] has told . . . He supplied four names to the university *1435 that would corroborate his story. None of them did . . . there is only one side to this story. He is lying.’ ” According to the complaint, defendant added, “I believe they saw what happened at Penn State, and they are using ESPN to get money. That is what I believe.”
Although we are mindful of the timing of the disputed statements, we conclude that through the statements noted above the complaint sufficiently alleges false, defamatory representations of fact about plaintiffs, i.e., that Davis was lying about Bernie Fine, that Davis had previously tried to obtain money through similar allegations, and that Davis and plaintiff Michael Lang, who the complaint alleges is a relative of Davis, were doing so again through the instant allegations (see Thomas H., 18 NY3d at 584; Gross, 82 NY2d at 156; cf. Mann, 10 NY3d at 276-277). We thus agree with plaintiffs that the statements constitute mixed opinion, i.e., opinion that “implies a basis in facts which are not disclosed to the reader or listener” (Gross, 82 NY2d at 153). We also conclude that “the defamatory nature of the statement[s] [at issue here] cannot be immunized by pairing [them] with [the words,] T believe’ ” (Thomas H., 18 NY3d at 585). Present — Scudder, P.J., Smith, Centra, Fahey and Peradotto, JJ.