■ HEZI TORATI et al., Respondents, v DANIEL HODAK, Appellant, et al., Defendants. [47 NYS3d 288]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered September 22, 2015, which, insofar as appealed from,

denied defendant Hodak's motion to dismiss the causes of action for libel and libel per se as against him pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to grant the motion except as to the claims based on the Facebook message, and otherwise affirmed, without costs.

The complaint alleges defamation stemming from negative comments anonymously posted by defendant on various consumer review websites or shared via Facebook message. With the exception of the Facebook message (which contains statements that are largely factual in nature), the challenged statements are not actionable, because they are expressions of opinion (*see Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009]). While the Internet reviews contain elements of both fact and opinion, when viewed in context, they suggest to a reasonable reader that the author was merely expressing his opinion based on a negative business interaction with plaintiffs (*see id.*; *Steinhilber v Alphonse*, 68 NY2d 283, 294 [1986]). The communications have a "[l]oose, figurative or hyperbolic" tone (*see Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]), referring to plaintiff as a "bad apple," "incompetent and dishonest," and a "disastrous businessman," from whom consumers should "[s]tay far away." Moreover, they were posted anonymously online. As this Court has recognized, "[R]eaders give less credence to allegedly defamatory remarks published on the Internet than to similar remarks made in other contexts" (*Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 AD3d 32, 44 [1st Dept 2011]).

The reviews are analogous to those at issue in *Matter of Woodbridge Structured Funding, LLC v Pissed Consumer* (125 AD3d 508 [1st Dept 2015]), which were found not to be actionable, although "some of the statements [were] based on undisclosed, unfavorable facts," because "the disgruntled tone, anonymous posting, and predominant use of statements that cannot be definitively proven true or false" made them "only susceptible of a nondefamatory meaning, grounded in opinion" (*id.* at 509). The fact that, in this case, defendant was plaintiffs' business partner rather than an ordinary consumer is immaterial.

An additional ground for dismissing the claims based on the Yelp review is that they are time-barred, since they were asserted after the one-year statute of limitations had run (CPLR 215 [3]). They cannot relate back to the original complaints, because those complaints were not sufficient to put defendant on notice of any Yelp-related claims (*see* CPLR 203 [f]; *see also* CPLR 3016 [a]).

The Facebook message, however, is actionable. The fact that it was only shared with three people, all members of the individual plaintiff's family, is not grounds for dismissal. Publication to even one person other than the defamed is sufficient (*Matter of Lentlie v Egan*, 61 NY2d 874, 876 [1984]), and the fact that the person to whom the statement was made is a family member is immaterial (*see 60 Minute Man v Kossman*, 161 AD2d 574, 576 [2d Dept 1990]). Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.