■ CRESCENDO DESIGNS, LTD., Appellant, v JACQUELINE D. RESES, Respondent. [58 NYS3d 112]—

In an action, inter alia, to recover damages for libel per se, the plaintiff appeals, as limited by its brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Pitts, J.), dated February 3, 2015, and (2) so much of an order of the same court dated March 30, 2015, as granted that branch of

the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging libel per se.

Ordered that the appeal from the order dated February 3, 2015, is dismissed, as that order was superseded by the order dated March 30, 2015; and it is further,

Ordered that the order dated March 30, 2015, is affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the defendant.

After the plaintiff installed a custom home theater system in the defendant's home, the defendant posted a review of the services she received from the plaintiff on the Internet website Yelp.com. The plaintiff commenced this action, alleging, among other things, that the review constituted libel per se. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss that cause of action. The Supreme Court granted that branch of the defendant's motion.

A "libel action cannot be maintained unless it is premised on published assertions of fact" (*Brian v Richardson*, 87 NY2d 46, 51 [1995]; *see Mann v Abel*, 10 NY3d 271, 276 [2008]). Whether an allegedly defamatory statement constitutes actionable fact or nonactionable opinion is a question of law to be resolved by the courts (*see Mann v Abel*, 10 NY3d at 276). In resolving that question, "[r]ather than sifting through a communication for the purpose of isolating and identifying assertions of fact," the courts should "consider the content of the communication as a whole," and "look to the over-all context in which the assertions were made" to determine " 'whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff' " (*Brian v Richardson*, 87 NY2d at 51, quoting *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991]; *see Mann v Abel*, 10 NY3d at 276).

Here, given the context in which the challenged statements were made and viewing the content of the review as a whole, a reasonable reader would have believed that the writer of the review was a dissatisfied customer who utilized the Yelp website to express an opinion (*see Mann v Abel*, 10 NY3d at 277; *Matter of Woodbridge Structured Funding, LLC v Pissed Consumer*, 125 AD3d 508 [2015]; *Matter of Konig v CSC Holdings, LLC*, 112 AD3d 934, 935 [2013]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging libel per se. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.