Stolatis v Hernandez (2018 NY Slip Op 03868)





Stolatis v Hernandez


2018 NY Slip Op 03868


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-04759
 (Index No. 63644/15)

[*1]Peter Stolatis, appellant-respondent, 
v
Miguel Hernandez, respondent-appellant, et al., counterclaim-defendant.


Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (John M. Murtagh and Denise M. Cossu of counsel), for appellant-respondent.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Annette G. Hasapidis and Justin M. Gardner of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for libel, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated March 25, 2016. The order, insofar as appealed from, denied that branch of the motion of the plaintiff and the counterclaim defendant which was for summary judgment in favor of the plaintiff on the issue of liability on the complaint and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. The defendant has filed a notice of cross appeal from the portion of the order that granted that branch of the motion of the plaintiff and the counterclaim defendant which was to dismiss the defendant's counterclaim.
ORDERED that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8[e]), without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff is a member of Plateau Associates, LLC (hereinafter Plateau), which owns property within the Village of Ossining that contained an abandoned factory building. In 2008, Plateau obtained a permit to demolish the building, but the permit provided that the demolition must comply with all applicable laws, rules, and regulations of the Village in effect at the time of demolition. In 2013, the Village Board of Trustees designated the building as an historic landmark pursuant to section 270-25(C) of the Code of the Village of Ossining (hereinafter the Village Code). Village Code § 270-25(E) provides that no changes in any feature of a historic landmark shall be made until a certificate of appropriateness has been issued by the Village Historic Preservation Commission (hereinafter HPC). On April 14, 2015, without ever having applied to the HPC for a certificate of appropriateness, Plateau began to demolish the building. That same day, the Village issued a stop work order to Plateau.
Shortly after the demolition began, the defendant, a former Village Trustee and HPC member who lived on property adjacent to the building, posted a series of photographs onto two Facebook pages devoted to the Village. The photographs depicted the plaintiff and the demolition site, along with captions and comments. The plaintiff subsequently commenced this action against the defendant to recover damages for defamation, alleging that several of the Facebook captions and [*2]comments constituted defamation. The defendant asserted a counterclaim against the plaintiff and Plateau that is not at issue on this appeal. The plaintiff appeals from so much of an order of the Supreme Court as denied that branch of his and Plateau's motion which was for summary judgment in favor of the plaintiff on the issue of liability on the complaint, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
We agree with the determination of the Supreme Court to award summary judgment to the defendant dismissing the complaint, which set forth the alleged defamatory statements complained of in paragraphs 22 through 26.
Whether a particular statement constitutes an opinion or an objective fact is a question of law (see Mann v Abel, 10 NY3d 271, 276; Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 381). Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation (see Mann v Abel, 10 NY3d at 276; Crescendo Designs, Ltd. v Reses, 151 AD3d 1015).
We turn first to the portion of the complaint predicated upon the statements set forth in paragraphs 22 through 25 of the complaint. The defendant established that these statements, which referred to the plaintiff's actions in causing the demolition of the building as a "crime" and referred to the plaintiff as a "vampire," constituted nonactionable opinion or rhetorical hyperbole (see Greenbelt Cooperative Publishing Assn., Inc. v Bresler, 398 US 6, 14; Gross v New York Times Co., 82 NY2d 146, 155; 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 144-145; see also LeBlanc v Skinner, 103 AD3d 202, 213; Melius v Glacken, 94 AD3d 959, 960; Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 43-44). In opposition to this showing, the plaintiff and Plateau failed to raise a triable issue of fact. For the same reason, the Supreme Court properly denied that branch of the motion of the plaintiff and Plateau which was for summary judgment in favor of the plaintiff on the issue of liability on so much of the complaint as was predicated on the statements set forth in paragraphs 22 through 25.
We further agree with the Supreme Court's determination to award summary judgment dismissing the remaining portion of the complaint, which was predicated on the statement set forth in paragraph 26. In this statement, the defendant asserted that the plaintiff had originally said that he would keep the building's historic facade and gut the interior to convert the building into apartments. The defendant further stated that the plaintiff's statement was "a lie" and that "[a]ll along he planned a big condo and he removed part of the metal roof and punched holes in it and failed to repair it so the elements would get in and slowly but surely destroy the building. This is known as demolition by intentional neglect.'"
The statement complained of was one of numerous posts made during the course of April 14, 2015, and thereafter, regarding the controversy on Facebook pages about Ossining. Another post asserted that the building had been damaged in Hurricane Sandy in 2012 and the developer "threw in the towel" on restoration. Another post, by someone else, stated that the property was an "eye sore and dangerous," while a third poster stated that the building had been vacant for 30 years. The third poster later added that he "used to go there for dumpster fires" between 1988 to 1994.
In distinguishing between statements of opinion and fact, the factors to be considered are: (1) whether the specific language at issue has a precise, readily understood meaning, (2) whether the statements are capable of being proven true or false, and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers that what is stated is likely to be opinion, not fact (see Mann v Abel, 10 NY3d at 276; Brian v Richardson, 87 NY2d 46, 51). Even apparent statements of fact may assume the character of opinion when made in public debate where the audience may anticipate the use of rhetoric or hyperbole (see Steinhilber v Alphonse, 68 NY2d 283, 294). The question is not whether there is an isolated assertion of fact; rather, it is necessary to consider the writing as a whole, including its tone and apparent purpose, as well as the overall context of the publication, to determine whether the reasonable reader would have believed that the challenged statements were conveying facts about the plaintiff (see Mann v Abel, 10 NY3d at 276; Brian v Richardson, 87 NY2d at 51; Crescendo Designs, Ltd. v Reses, 151 AD3d at 1015; Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d at 42).
Here, given the context in which the statements set forth in paragraph 26 of the complaint were made, and viewing the content of the post as a whole, as well as the content of the other contemporaneous posts on the same Facebook pages, a reasonable reader would have believed that the defendant was communicating his opinion as to whether plaintiff and his company intended from the outset to preserve or replace the building. Although one could sift through the series of posts, including the challenged one, and argue that the author made false factual assertions, viewing the entire series of posts as a whole, as we must, we conclude that the posts constituted an expression of protected opinion and, therefore, summary judgment was properly awarded to the defendant (see Mann v Abel, 10 NY3d at 277).
SCHEINKMAN, P.J., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court