Cox v Prudential Found., Inc. (2018 NY Slip Op 08756)





Cox v Prudential Found., Inc.


2018 NY Slip Op 08756


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


7918 151260/16

[*1]William J. Cox, Jr., Plaintiff-Respondent-Appellant,
v
Prudential Foundation, Inc., Defendant-Appellant-Respondent.


Cahill Gordon & Reindel LLP, New York (Thomas J. Kavaler of counsel), for appellant-respondent.
Judd Burstein, P.C., New York (Judd Burstein of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Lynn R. Kottler, J.), entered July 3, 2018, which granted defendant's motion for summary judgment only to the extent of dismissing plaintiff's claim of tortious interference with business expectancy, and denied plaintiff's motion for partial summary judgment on his libel claim, unanimously affirmed, without costs.
The motion court, applying New Jersey substantive law, properly determined that issues of fact remained whether defendant made a slanderous statement of fact concerning plaintiff which was false and was communicated to a third person (see Feggans v Billington, 291 NJ Super 382, 390-391, 677 A2d 771, 775 [1996]). Although defendant's program officer and others denied that she had made the complained of statement, credibility issues remain to be resolved at trial.
Denial of so much of defendant's motion seeking dismissal of plaintiff's libel claim, which had been interposed in an amended complaint, was proper. The claim, based upon an email produced during discovery in this action, related back to the defamation claims made in the first, timely complaint (see Pickholz v First Boston, 202 AD2d 277 [1st Dept 1994]; compare Torati v Hodak, 147 AD3d 502, 503 [1st Dept 2017]). The court also properly denied plaintiff partial summary judgment on the libel claim, since factual issues existed including whether defendant's statement was susceptible of a nondefamatory meaning and whether it was false. The court also properly determined that a qualified privilege applied to the alleged statements, but that issues remained as to whether the privilege was abused (see Williams v Bell Tel. Labs. Inc., 132 NJ 109, 121, 623 A2d 234, 240 [1993]).
Dismissal of plaintiff's tortious interference with business expectancy claim was proper. Plaintiff failed to identify a specific prospective economic or contractual relationship that was interfered with (see Printing Mart—Morristown v Sharp Elecs. Corp., 116 NJ 739, 751, 563 A2d 31, 37 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK