Bacon v Nygard (2020 NY Slip Op 07488)





Bacon v Nygard


2020 NY Slip Op 07488


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 150400/15 Appeal No. 12638 Case No. 2019-05211 

[*1]Louis Bacon, Plaintiff-Appellant-Respondent,
v
Peter Nygard, Defendant-Respondent-Appellant, Nygard International Partnership et al., Defendants.


Sidley Austin LLP, New York (Eamon P. Joyce of counsel), for appellant-respondent.
Davis Wright Tremaine LLP, New York (Elizabeth A. McNamara of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered July 19, 2019, which, upon remand (160 AD3d 565 [1st Dept 2018]), granted defendants' motion to dismiss pursuant to CPLR 3211 to the extent of dismissing plaintiff's cause of action for defamation as predicated on statements identified as 136, 148, 155-157, 160, 165-167 and 169 for failure to state a cause of action, unanimously affirmed, with costs.
This action arises from a highly publicized feud between the parties, who own neighboring properties in the Bahamas, and resulted in plaintiff commencing this defamation action against defendants premised on more than 100 published communications, which state, among other things, that "Bacon is KKK" or "Louis KKK Bacon," placing his picture next to violent and graphic imagery of Ku Klux Klan lynchings and the colors of the confederate flag. At issue on this appeal are 10 statements the motion court dismissed as nonactionable opinion, identified in Appendices to the Third Amended Complaint as 136, 148, 155-57, 160, 165-67 and 169 (disputed statements).
"Making a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion or disgrace constitutes defamation," and, thus, "only statements of fact can be defamatory because statements of pure opinion cannot be proven untrue" (Thomas H. v Paul B., 18 NY3d 580, 584 [2012]). While expressions of opinion "are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation" (Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]), an "opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it . . . is a 'mixed opinion' and is actionable" (Davis v Boeheim, 24 NY3d 262, 269 [2014] [citation omitted]).
"Distinguishing between fact and opinion is a question of law for the courts, to be decided based on what the average person hearing or reading the communication would take it to mean" (Davis, 24 NY3d at 269). "The dispositive inquiry . . . is whether a reasonable [reader] could have concluded that [the statements were] conveying facts about the plaintiff" (Gross v New York Times Co., 82 NY2d 146, 152 [1993] [citation omitted]). In conducting such inquiry, "courts must consider the content of the communication as a whole, as well as its tone and apparent purpose" (Mann, 10 NY3d at 276 [internal quotation marks and citations omitted]).
Here, the motion court properly determined that the disputed statements were not "reasonably susceptible of a defamatory connotation" to sufficiently state a cause of action (Davis, 24 NY3d at 268 [citations omitted]). Unlike the other allegedly defamatory statements that survived the motion to dismiss, the disputed statements at most assert pure opinions that plaintiff is racist by making nonspecific vague references to the KKK and juxtaposing his picture with violent iconographic images associated with the KKK. The [*2]context of these statements was such that a reasonable reader would have concluded that these statements were rhetorical epithets, not asserted facts. Contrary to plaintiff's contention, the disputed statements did not constitute "mixed opinions" because they did not indicate that the opinions were based on any undisclosed facts (see Davis, 24 NY3d at 269). As for the cited article excerpts, which plaintiff maintains are defamatory together with the title of and images in the internet article, the motion court properly dismissed them as the author disclosed the basis for his opinion that plaintiff is racist, and plaintiff did not dispute the underlying facts or quotes attributed to him in the article (see Gross, 82 NY2d at 153-154). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020