Kerns v Ishida (2022 NY Slip Op 05276)

Kerns v Ishida

2022 NY Slip Op 05276

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 161364/20 Appeal No. 16274 Case No. 2022-02232 

[*1]Roxana Kerns, M.D., Plaintiff-Appellant,
v
Mimi Ishida, et al., Defendants-Respondents.

Ralph A. Erbaio, Jr., Carmel, for appellant.
Rothstein Law PLLC, New York (Eric E. Rothstein of counsel), for respondents.

Order, Supreme Court, New York County (William Perry, J.), entered November 3, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' pre-answer motion to dismiss the cause of action for defamation, unanimously affirmed, with costs.
Defendants, both of whom visited plaintiff's medical spa, posted online reviews of the spa, expressing their dissatisfaction with their experience and strongly criticizing plaintiff's behavior toward them. Among other things, defendant Mimi Ishida stated, "In my honest opinion, [plaintiff] acts like a psychotic nutcase" and "I don't think [plaintiff] even has her doctor's license." Ishida also described the business as "extremely unprofessional" and stated, "the place is run amok!" Plaintiff, a physician licensed to practice medicine in the State of New York, commenced this action, asserting, insofar as relevant to this appeal, a cause of action for defamation. Defendants moved to dismiss the complaint, and also sought costs and attorneys' fees under New York's anti-strategic lawsuit against public participation (anti-SLAPP) law (Civil Rights Law §§ 70-a and 76-a[1][a][1]). Supreme Court granted the motion to dismiss, but did not address defendants' request for costs and fees under the anti-SLAPP law.
The complaint failed to state a cause of action for defamation, as the challenged statements are expressions of opinion and are therefore not actionable (see Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]). Many of the allegedly defamatory statements were, in fact, prefaced by language stating that they were opinions, such as "in my honest opinion" or "I don't think." Moreover, although the reviews do mix fact and opinion, the allegedly defamatory statements have a "[l]oose, figurative[,] or hyperbolic" tone (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]) — for example, defendants stated that plaintiff "acts like a psychotic nutcase" and that the office "is run amok." When read in the context of the entire review, the statements are clearly grounded in opinion, and communicate to a reasonable reader that defendants were dissatisfied customers expressing opinions based on their negative experience with plaintiff's business (Torati v Hodak, 147 AD3d 502, 503 [1st Dept 2017]; see also Woodbridge Structured Funding LLC v Pissed Consumer, 125 AD3d 508, 509 [1st Dept 2015]; Frechtman v Gutterman, 115 AD3d 102, 106 [1st Dept 2014]).
Defendants' request for costs and attorneys' fees under the 2020 amendments to New York's anti-SLAPP law is not properly before us, as defendants did not file a notice of cross appeal (see Omansky v 64 N. Moore Assoc., 269 AD2d 336, 337 [1st Dept 2000]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022