DeRicco v Maidman (2022 NY Slip Op 05921)

DeRicco v Maidman

2022 NY Slip Op 05921

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 20004/18E Appeal No. 16505 Case No. 2021-00932 

[*1]Salvatore P. DeRicco et al., Plaintiffs-Respondents,
v
Randi L. Maidman et al., Defendants-Appellants.

Horowitz Tech Law P.C., Garden City (Joshua J. Horowitz of counsel), for appellants.

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 26, 2020, which, to the extent appealed from, denied defendants' motion to dismiss the first, second, and third causes of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiffs, an orthodontist and his professional corporation, allege that defendants — a former minor patient and that patient's parents — defamed them in an unfavorable review posted on Google. Contrary to Supreme Court's holding, we find that, although defendants' Google review contains elements of both fact and opinion, it nevertheless is not actionable (see generally Steinhilber v Alphonse, 68 NY2d 283, 294 [1986]; Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]; Immuno AG. v Moor-Jankowski, 77 NY2d 235, 242-243 [1991], cert denied 500 US 954 [1991]), and it was not the motion court's province to "sift[] through [the] communication for the purpose of isolating and identifying assertions of fact" (Brian v Richardson, 87 NY2d 46, 51 [1995]). Rather, the court should have considered the overall context in which the communication was made, an anonymous online review of plaintiff's services (see Thomas H. v Paul B., 18 NY3d 580, 585 [2012]).
Here, a reasonable reader of defendants' Google review would understand it to be pure opinion based on the context in which it was posted and its arguably "[l]oose, figurative, or hyperbolic" tone (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]; see Matter of Woodbridge Structured Funding, LLC v Pissed Consumer, 125 AD3d 508, 509 [1st Dept 2015]). Furthermore, defendants' Google review was posted anonymously online and, as we have recognized, "'[R]eaders give less credence to allegedly defamatory remarks published on the Internet than to similar remarks made in other contexts'" (Torati v Hodak, 147 AD3d 502, 503 [1st Dept 2017], quoting Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 44 [1st Dept 2011]).
In view of the foregoing, defendants' remaining arguments are academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022