Luo & Assoc. v NYIS Law Firm, A.P.C. (2022 NY Slip Op 07154)

Luo & Assoc. v NYIS Law Firm, A.P.C.

2022 NY Slip Op 07154

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 652629/21 Appeal No. 16912 Case No. 2022-01042 

[*1]Luo & Associates, et al., Plaintiffs-Appellants,
v
NYIS Law Firm, A.P.C., Defendant-Respondent.

RPCK Rastegar Panchal LLP, New York (Jeremy R. Saks of counsel), for appellants.
Catalano Gallardo & Petropoulos, LLP, Jericho (Matthew K. Flanagan of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 18, 2022, which granted defendant's motion pursuant to CPLR 3211(a)(7) dismissing the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Civil Rights Law § 74 did not apply to the challenged statements in defendant's online ads that, in linking to a news article about pending litigation against plaintiffs by a former client in California, asserted that plaintiffs were facing suspension of their license to practice law. The news article did not mention that plaintiffs' law license was at risk nor did the complaint against plaintiffs seek suspension of their law license. Accordingly, this statement was not shielded from liability as defendant failed to demonstrate that it was a "fair and true" report of a judicial proceeding (see Cholowsky v Civiletti, 69 AD3d 110, 114 [2d Dept 2009]). The fact that at some unspecified time the former client filed a confidential, and ultimately unsuccessful, complaint against the managing partner of plaintiff law firm with the Attorney Grievance Committee does not compel a different result under these circumstances.
Furthermore, defendant's statements regarding the potential loss of plaintiffs' law license were expressed as fact, not opinion, based on the specific language used, the verifiable nature of the statement as true or false, and the context in which defendant set forth the statement as a purported summary of the linked news article reporting on the pending litigation against plaintiffs (see Mann v Abel, 10 NY3d 271, 276 [2008]). Based on defendant's allegedly false statement that plaintiffs were facing a suspension of their license, plaintiffs sufficiently pleaded a cause of action for defamation per se (see Nolan v State of New York, 158 AD3d 186, 195-197 [1st Dept 2018]).
Similarly, the factual allegations in the complaint were sufficient to sustain causes of action for disparagement, and violations under the federal Lanham Act and General Business Law § 349, at the pleading stage (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 105-107 [1st Dept 2009] [disparagement]; North Am. Olive Oil Assn. v D'Avolio, Inc., 457 F Supp 3d 207, 221 [ED NY 2020] [Lanham Act]; Stutman v Chemical Bank, 95 NY2d 24, 29 [2000] [General Business Law § 349]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022