Lavine v Glavin (2023 NY Slip Op 04290)

Lavine v Glavin

2023 NY Slip Op 04290

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

564 CA 22-01764

[*1]GARY J. LAVINE, PLAINTIFF-RESPONDENT-APPELLANT,
v
RITA M. GLAVIN, DEFENDANT-APPELLANT-RESPONDENT. 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (STEVEN W. WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
GARY J. LAVINE, PLAINTIFF-RESPONDENT-APPELLANT PRO SE.

 Appeal and cross-appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered November 4, 2022. The order denied the motion of plaintiff to dismiss defendant's counterclaim and denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant insofar as it sought to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (g) and dismissing the complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this defamation action seeking damages for statements made by defendant in a letter to the New York State Inspector General (Inspector General) about defendant's concerns that plaintiff, as a member of the New York State Joint Commission on Public Ethics, and others were disclosing confidential information to the media. Defendant answered the complaint and asserted a counterclaim seeking to recover damages under the anti-strategic lawsuits against public participation statutes (see Civil Rights Law §§ 70-a, 76-a). Plaintiff moved to dismiss defendant's counterclaim, and defendant moved, inter alia, to dismiss plaintiff's complaint. Defendant appeals and plaintiff cross-appeals from an order that denied both motions.
We agree with defendant on her appeal that Supreme Court should have granted her motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211 (a) (7) and (g), and we therefore modify the order accordingly. There is no dispute that defendant established on her motion that the action involves "public petition and participation" (CPLR 3211 [g]; see Civil Rights Law § 76-a [1] [a] [2]), and we conclude that plaintiff, in opposition to the motion, failed to demonstrate that the action has a substantial basis in law inasmuch as defendant's statements in question constitute nonactionable expressions of opinion (see CPLR 3211 [g]; see generally Davis v Boeheim, 24 NY3d 262, 269-270 [2014]). "In order for the challenged statements to be susceptible of a defamatory connotation, they must come within the well established categories of actionable communications" (Davis, 24 NY3d at 268). Because "falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action' " (Gross v New York Times Co., 82 NY2d 146, 153 [1993], quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139 [1992], rearg denied 81 NY2d 759 [1992], cert denied 508 US 910 [1993]). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" (Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]).
Here, defendant's letter constitutes "a statement of opinion . . . accompanied by a recitation of the facts upon which it is based" (Davis, 24 NY3d at 269 [internal quotation marks omitted]). Defendant made allegations, using phrases such as "appear to be" and "[t]o the extent that there is evidence," while setting forth the facts upon which such allegations were based. The [*2]purpose of the letter was to implore the Inspector General to commence an investigation. In reviewing the full context of the communication, including its tone and purpose, we conclude that defendant "set out the basis for [her] personal opinion, leaving it to the [Inspector General] to evaluate it for [herself]" (Brian v Richardson, 87 NY2d 46, 53-54 [1995]).
We have reviewed plaintiff's contentions on his cross-appeal and conclude that they lack merit.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court