■ Luis Torres, Appellant, v Beth Israel Medical Center et al., Respondents, et al., Defendant. [24 NYS3d 108]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 13, 2013, as granted those branches of the separate motions of the defendants Beth Israel Medical Center and Front-Line Security Agency, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was assaulted by the defendant Hector Ramos at a clinic operated by the defendant Beth Israel Medical Center (hereinafter Beth Israel). The defendant Front-Line Security Agency, Inc. (hereinafter Front-Line), provided two unarmed security guards at the clinic pursuant to a contract with Beth Israel. Beth Israel and Front-Line separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions.

In response to Beth Israel's and Front-Line's prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them, made through admissible evidence, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]). Moreover, since the plaintiff has not offered anything beyond mere hope and speculation that further discovery might lead to relevant evidence sufficient to defeat the motions for summary judgment, we reject his argument that the motions for summary judgment were premature (*see Leak v Hybrid Cars, Ltd.*, 132 AD3d 958 [2015]; *Williams v Spencer-Hall*, 113 AD3d 759, 760-761 [2014]).

Accordingly, the Supreme Court properly granted those branches of the separate motions of Beth Israel and Front-Line which were for summary judgment dismissing the complaint insofar as asserted against each of them. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.