Board of Mgrs. of Brightwater Towers Condominium v Shlivko (2020 NY Slip Op 04451)





Board of Mgrs. of Brightwater Towers Condominium v Shlivko


2020 NY Slip Op 04451


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01947
 (Index No. 507354/18)

[*1]Board of Mangers of Brightwater Towers Condominium, appellant, 
v
Nina Shlivko, respondent.


Daniel Szalkiewicz & Associates, P.C., New York, NY (Daniel S. Szalkiewicz and Cali P. Madia of counsel), for appellant.
Sam J. Shlivko, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 4, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for defamation.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Brightwater Towers Condominium (hereinafter BWT) is a residential condominium complex located in Brooklyn. The plaintiff is the owner of the land and common areas and is also responsible for the operations and the running of BWT. The plaintiff commenced this action to recover damages for allegedly defamatory statements made by the defendant, a resident owner at BWT. The allegedly defamatory statements were made primarily through emails during the period of December 21 through 30, 2017, that were distributed to more than 400 people on a listserv known as "BWTUnitOwners&commat;googlegroups.com."
The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for defamation. The plaintiff opposed the motion, submitting, among other things, the affidavit of its president as well as a printout of the subject emails. By order dated January 4, 2019, the Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
Here, the plaintiff failed to state a cause of action to recover damages for defamation (see Rosner v Amazon.com, 132 AD3d 835). Some of the allegedly defamatory statements do not have a precise meaning, while others are hyperbolic and incapable of being proven true or false. The context of the statements was such that a reasonable reader would have concluded that he or she was reading an opinion, and not a fact, about the plaintiff (see Stolatis v Hernandez, 161 AD3d 1207; Brummel v Board of Trustees of the Vil. of E. Hills, NY, 155 AD3d 818, 819-820; Holliswood Owners Corp. v Rivera, 145 AD3d 968).
Accordingly, we agree with the Supreme Court's determination granting that branch [*2]of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for defamation.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court