Burke v Newburgh Enlarged City Sch. Dist. (2021 NY Slip Op 03571)





Burke v Newburgh Enlarged City Sch. Dist.


2021 NY Slip Op 03571


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2020-06709

[*1]Sandra Olivia Burke, respondent-appellant,
v
Newburgh Enlarged City School District, et al., defendants, Sandra Memmelaar, etc., defendant third-party plaintiff-appellant-respondent; Evan Foulke, etc., et al., third-party defendants-respondents. (Orange County Index No. 7920/19)


Brach Eichler, LLC, New York, NY (Anthony M. Rainone and Michael A. Spizzuco, Jr., of counsel), for defendant third-party plaintiff-appellant-respondent.
Foulke Law Firm, Goshen, NY (Evan M. Foulke of counsel), for respondent-appellant.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, supervision, and retention, the defendant third-party plaintiff appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County(CVA-R Part) (Steven M. Jaeger, J.), dated August 13, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the counterclaim and that branch of the separate motion of the third-party defendants which was pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the third-party defendants appearing separately and filing separate briefs.
On October 4, 2019, the plaintiff commenced this action against, among others, her former elementary school gym teacher, Sherman Memmelaar, asserting various causes of action arising out of an alleged pattern of sexual abuse perpetrated upon her by him from 1969 through 1975. On October 10, 2019, the Times Herald-Record published an article online titled, "Lawsuit claims ex-Newburgh teacher sexually abused student," reporting on the plaintiff's lawsuit and allegations of sexual abuse. The plaintiff's attorney, the third-party defendant Evan Foulke, commenting on the alleged sexual abuse, was quoted in the article as saying, "'These were regular things,'" "'She was removed from class. She was held after gym class,'" and that the plaintiff had "reported to school authorities 'circumstances that should have raised red flags.'" On October 13, 2019, Memmelaar committed suicide, leaving a note wherein he, in effect, denied the plaintiff's [*2]allegations. On October 14, 2019, and October 15, 2019, the Times Herald-Record published follow-up articles online titled "Ex-Newburgh gym teacher in sex-abuse case killed himself," and "Ex-Newburgh teacher accused of sexually abusing student died by suicide," respectively, reporting on Memmelaar's suicide and the plaintiff's pending lawsuit. Foulke was quoted in the October 14, 2019, article as saying "'an innocent man would do anything to confront an accuser,'" "'[the plaintiff] has been deprived of an opportunity to confront [Memmelaar] in a courtroom,'" and "'[i]t was a cowardly admission of guilt.'" The October 15, 2019, article quoted Foulke as saying, "'The worst kind of sexual molestation and pedophilia,'" "'He would take her out of her classroom, make her stay after gym class,'" and "'[t]here were red flags everywhere including specific complaints about Memmelaar.'"
On January 13, 2020, the plaintiff amended her complaint to substitute the executor of Memmelaar's estate (hereinafter the executor) as a defendant. The executor filed an answer with a counterclaim and a third-plaintiff complaint, alleging, inter alia, that the plaintiff and Foulke made false and defamatory statements about Memmelaar, and asserting causes of action for libel per se, conspiracy to commit libel, negligent and intentional infliction of emotional distress, and wrongful death. Subsequently, the plaintiff moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the counterclaim, and the third-party defendants separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint, on the ground that the challenged statements were privileged pursuant to Civil Rights Law § 74. The plaintiff also sought sanctions against the executor for interposing frivolous counterclaims. In an order dated August 13, 2020, the Supreme Court, among other things, granted those branches of the respective motions of the plaintiff and the third-party defendants which were pursuant to CPLR 3211(a)(7) and, in effect, denied that branch of the plaintiff's motion which was to sanction the executor. The executor appeals and the plaintiff cross appeals.
Upon a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), the court must determine whether from the four corners of the pleading "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Morad v Morad, 27 AD3d 626, 627). The pleading is to be afforded a liberal construction, the facts alleged in the complaint accepted as true, and the plaintiffs accorded the benefit of every possible favorable inference (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; Leon v Martinez, 84 NY2d 83, 87-88). However, "[w]hen evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Greenberg v Spitzer, 155 AD3d 27, 44). Moreover, "[d]ismissal of the complaint is warranted if . . . the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142).
"The privilege afforded by Civil Rights Law § 74 is an affirmative defense to a claim of defamation" (Greenberg v Spitzer, 155 AD3d at 42). That statute provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding" (Civil Rights Law § 74). "Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within section 74's privilege" (Greenberg v Spitzer, 155 AD3d at 43 [internal quotation marks omitted]). Here, contrary to the executor's contentions, the cause of action for libel per se was properly dismissed because the challenged statements were made in the context of reporting on the plaintiff's lawsuit and essentially summarized the allegations made therein and, in any event, did not suggest more serious conduct than what is alleged in the plaintiff's complaint (see id.; Daniel Goldreyer, Ltd. v Van de Wetering, 217 AD2d 434). Moreover, viewed in context, a reasonable reader would have concluded that the comments "'an innocent man would do anything to confront an accuser,'" "'[i]t was a cowardly admission of guilt,'" and "'[t]he worst kind of sexual molestation and pedophilia,'" were merely rhetorical flourish and expression of opinions and thus not actionable (see Gross v New York Times Co., 82 NY2d 146, 152-153; Greenberg v Spitzer, 155 AD3d at 41; Hollander v Cayton, 145 AD2d 605, 606). Since all of the executor's other causes of action are based on the challenged statements, they also were properly dismissed (see Salvatore v Kumar, 45 AD3d 560, 564; Misek-Falkoff v American Lawyer Media, 300 AD2d 215).
Accordingly, the Supreme Court properly granted those branches of the respective motions of the plaintiff and the third-party defendants which were pursuant to CPLR 3211(a)(7) to dismiss the counterclaim/third-party complaint.
The cross appeal must be dismissed as abandoned, as the plaintiff's brief does not request reversal of any portion of the order (see Nerey v Greenpoint Mtge. Funding, Inc., 116 AD3d 1015, 1017, citing Sirma v Beach, 59 AD3d 611).
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court