Mistretta v Newsday Media Group (2021 NY Slip Op 06844)





Mistretta v Newsday Media Group


2021 NY Slip Op 06844


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-10990
 (Index No. 41/19)

[*1]Salvatore Mistretta, appellant,
v
Newsday Media Group, respondent.
 


Davis Wright Tremaine LLP, New York, NY (Rachel Strom and Amanda Levine of counsel), for respondent.
Salvatore Mistretta, Seaford, NY, appellant pro se.



DECISION & ORDER
In an action to recover damages for negligent supervision and, in effect, defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 13, 2019. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2019, the plaintiff, who was a sergeant with the Nassau County Police Department during the time period at issue, commenced this action against the defendant, a newspaper publisher, seeking to recover damages for a cause of action alleging negligent supervision but sounding in defamation. The plaintiff alleged that his character and standing in the community were injured as a result of the defendant's publication of an article in February 2018 entitled, "A Politically Motivated Arrest on a Public Bus." The plaintiff alleged that the article reported that a political scandal surrounding the 2013 Nassau County Executive race culminated in the arrest and subsequent subpoena of Randy White, a nonparty who had gathered signatures in connection with a third-party candidate's campaign for Nassau County Executive. The plaintiff alleged that the article implied that the plaintiff was involved in conducting a strip-and-cavity search of White since the article reported that, after White testified at a court proceeding regarding the candidate, White was arrested and subjected to a strip-and-cavity search by Nassau County police. The plaintiff alleged that the article also referred to the plaintiff and another person as "two lawmen central to the scandal," and noted that the plaintiff's conduct included his undisputed search of a warrant database to find "hits for White" prior to White's arrest as well as his service of a subpoena on White. The plaintiff alleged that a reader of the article could infer that the "central to the scandal" reference meant that the plaintiff was involved in the arrest and strip-and-cavity search of White. According to the plaintiff, the defendant was negligent in its supervision of the author of the article.
As is relevant to the appeal, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff's allegations sounded in defamation and that the challenged statements were privileged pursuant to Civil Rights Law § 74. In an order dated September 13, 2019, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals. We affirm.
When evidentiary material is considered on a motion to dismiss pursuant to CPLR 3211(a)(7), "'the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Greenberg v Spitzer, 155 AD3d 27, 44, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Accepting as true the facts alleged in the complaint, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the complaint, which contained bare legal conclusions and alleged facts that were contradicted by evidence, failed to adequately plead a cause of action sounding in negligent supervision (see Well v Yeshiva Rambam, 300 AD2d 580, 581; Manno v Mione, 249 AD2d 372, 373).
In addition, the Supreme Court also properly dismissed the cause of action sounding in defamation. Contrary to the plaintiff's contention, the court correctly treated the complaint as sounding in defamation rather than only negligent supervision (see e.g. Morrison v National Broadcasting Co., 19 NY2d 453, 458-459; Noel v Interboro Mut. Indem. Ins. Co., 31 AD2d 54, 55-56).
"'The privilege afforded by Civil Rights Law § 74 is an affirmative defense to a claim of defamation'" (Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 676, quoting Greenberg v Spitzer, 155 AD3d at 42). That statute provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding" (Civil Rights Law § 74). "'For a report to be characterized as fair and true within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate'" (Hayt v Newsday, LLC, 176 AD3d 787, 787, quoting Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67). "Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within section 74's privilege" (Greenberg v Spitzer, 155 AD3d at 43 [internal quotation marks omitted]). Here, in support of its motion, the defendant submitted the affidavit of the Newsday reporter who wrote the article at issue, which article was attached to his affidavit. A copy of a federal complaint and an executed settlement in a federal civil rights action by White against, among others, the plaintiff (hereinafter the White federal action), and a letter by the Nassau County District Attorney's Office discussing its investigation into the issues that were the subject of the article were also attached to the affidavit. This evidence established that the comments in the article constituted a fair and true report of the allegations contained in the White federal action and the investigative findings by the Nassau County District Attorney's Office and were protected by the absolute privilege afforded by Civil Rights Law § 74 (see Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d at 676; Hayt v Newsday, LLC, 176 AD3d at 787).
The plaintiff's remaining contention is without merit (see Torres v Beth Israel Med. Ctr., 134 AD3d 1097, 1097).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court