Fon v Krowe (2022 NY Slip Op 02534)

Fon v Krowe

2022 NY Slip Op 02534

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-10051
 (Index No. 53819/19)

[*1]Richard Fon, et al., appellants, 
v
Elliot Krowe, et al., respondents.

Cusano Smith PLLC, Bedford Hills, NY (Gary A. Cusano of counsel), for appellants.
Ron Stokes (Richard S. Abbate, White Plains, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for libel, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated August 14, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs are members of the Yorktown Planning Board, which entity approved plans for the development of certain property located in Yorktown Heights. In March 2019, the plaintiffs commenced this action to recover damages resulting from allegedly defamatory statements contained in an letter published on the "opinion" page of nonparty Yorktown News that had been written by the defendant Elliot Krowe, co-chair of the defendant Yorktown Democratic Committee, relating to the approval of the plans. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated August 14, 2019, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference'" (Tsatskin v Kordonsky, 189 AD3d 1296, 1297, quoting Dee v Rakower, 112 AD3d 204, 208).
"'The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se'" (Stone v Bloomberg L.P., 163 AD3d 1028, 1029, quoting Greenberg v Spitzer, 155 AD3d 27, 41). "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation" (Mann v Abel, 10 NY3d 271, 276; see Davis v Boeheim, 24 NY3d 262; Kasavana v Vela, 172 AD3d 1042). "Whether a particular statement constitutes an opinion or objective fact is a question of law" (Mann v Abel, 10 NY3d at 276). "In distinguishing between statements of opinion and fact, the factors to be considered are: (1) whether the specific language at issue has a precise, readily understood meaning, (2) whether the statements are capable of being proven true or false, and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding [*2]circumstances are such as to signal readers that what is stated is likely to be opinion, not fact" (Stolatis v Hernandez, 161 AD3d 1207, 1209-1210; see Mann v Abel, 10 NY3d at 276).
Applying these factors here, the Supreme Court properly determined that the statements at issue constituted nonactionable expressions of opinion (see Brian v Richardson, 87 NY2d 46; Eros Intel.,PLC v Mangrove Partners, 191 AD3d 465; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d 553; Udell v NYP Holdings, Inc., 169 AD3d 954; Crescendo Designs, Ltd. v Reses, 151 AD3d 1015; Holliswood Owners Corp. v Rivera, 145 AD3d 968; Kamalian v Reader's Digest Assn., Inc., 29 AD3d 527). To the extent the plaintiffs contend that the statements at issue are reasonably susceptible of defamatory connotations, the complaint fails to "'make a rigorous showing that the language of the [article] as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the [defendants] intended or endorsed that inference'" (Udell v NYP Holdings, Inc., 169 AD3d at 957, quoting Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 37-38).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court