Board of Mgrs. of Brightwater Towers Condominium v Vitebsky (2022 NY Slip Op 04709)

Board of Mgrs. of Brightwater Towers Condominium v Vitebsky

2022 NY Slip Op 04709

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2019-08181
 (Index No. 500272/19)

[*1]Board of Managers of Brightwater Towers Condominium, respondent, 
v
Alexander Vitebsky, et al., appellants.

Giancola Law Firm LLC, New York, NY (Sam J. Shlivko of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated May 22, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint is granted.
In 2019, the plaintiff commenced this action to recover damages for allegedly defamatory statements made by the defendants. The allegedly defamatory statements were made from January 6, 2018, through March, 29, 2018, to a Google group on an email list. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. The Supreme Court denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. The defendants appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference" (Fon v Krowe, 204 AD3d 889, 890 [internal quotation marks omitted]).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Bowen v Van Bramer, 205 AD3d 674, 674-675 [internal quotation marks omitted]). "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action" (id. at 675 [internal quotation marks omitted]). "Accordingly, [a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be" (id. [internal quotation marks omitted]). "Mere rhetorical hyperbole is not actionable" (Segall v Sanders, 129 AD3d 819, 820 [internal quotation marks omitted]).
Here, the plaintiff failed to state a cause of action to recover damages for defamation. Some of the allegedly defamatory statements constituted rhetorical hyperbole, some lacked a precise meaning, and some were not capable of being proven true or false (see Fon v Krowe, 204 AD3d at 890-891; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d 553, 554; Segall v Sanders, 129 AD3d at 820). Given the context and tone of many of these statements, a reasonable reader would have concluded that they were reading opinions, rather than facts, about the plaintiff (see Fon v Krowe, 204 AD3d at 890-891; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d at 554).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court