North Shore Towers Apts. Incorp. v Kozminsky (2023 NY Slip Op 04130)

North Shore Towers Apts. Incorp. v Kozminsky

2023 NY Slip Op 04130

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-03871
 (Index No. 710793/19)

[*1]North Shore Towers Apartments Incorp., et al., respondents, 
v
Eric Kozminsky, appellant.

Nora Constance Marino, Great Neck, NY, for appellant.
Errol A. Brett, Floral Park, NY, for respondents.

DECISION & ORDER
In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 12, 2020. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint is granted.
The plaintiff North Shore Towers Apartments Incorporated (hereinafter NST) is a residential cooperative complex located in Queens. The plaintiffs Glen Kotowski and Steven Cairo are employed as the general manager and general superintendent of the complex, respectively. The plaintiffs commenced this action to recover damages for allegedly defamatory statements made by the defendant, a resident of the complex. The allegedly defamatory statements were made in May 2019 through a post on the social networking website NextDoor.com. In the post, the defendant, inter alia, reproduced extensive excerpts of filings in an action brought against NST, Cairo, and Kotowski by a former NST employee, and urged other residents to vote in an upcoming election for the NST's board of directors for directors who would replace the management of the complex. The defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint. By order entered May 12, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41; see Bowen v Van Bramer, 205 AD3d 674, 674-675). "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation [*2]action" (Gross v New York Times Co., 82 NY2d 146, 152-153 [internal quotation marks omitted]; see Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d 694, 695). Thus, "[a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be" (Steinhilber v Alphonse, 68 NY2d 283, 289; see Bowen v Van Bramer, 205 AD3d at 675). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" (Mann v Abel, 10 NY3d 271, 276).
In addition, Civil Rights Law § 74 provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." "For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate" (Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67; see Mistretta v Newsday Media Group, 200 AD3d 775, 777; Hayt v Newsday, LLC, 176 AD3d 787, 787). "Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within [the statute's] privilege" (Greenberg v Spitzer, 155 AD3d at 43 [internal quotation marks omitted]); see Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 676).
Here, the plaintiffs failed to state a cause of action to recover damages for defamation. The defendant's quotations from separate proceedings against the plaintiffs fall within the absolute privilege afforded by Civil Rights Law § 74 (see Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d at 676). Some of the remaining comments constituted rhetorical hyperbole, some lacked a precise meaning, and some were not capable of being proven true or false (see Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d at 695; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d 553, 554; Segall v Sanders, 129 AD3d 819, 820). Given the context and tone of these statements, a reasonable reader would have concluded that they were reading opinions, rather than facts, about the plaintiffs (see Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d at 695; Fon v Krowe, 204 AD3d 889, 890-891; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d at 554).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
The defendant's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court