Rosati v Altice USA, Inc. (2024 NY Slip Op 01737)

Rosati v Altice USA, Inc.

2024 NY Slip Op 01737

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-06925
 (Index No. 620179/21)

[*1]Steven Rosati, appellant, 
v
Altice USA, Inc., et al., respondents.

Todd C. Bank, Attorney at Law, P.C., Kew Gardens, NY, for appellant.
Davis Wright Tremaine LLP, New York, NY (Katherine M. Bolger and Alexandra M. Settelmayer of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 20, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) and (g) to dismiss the amended complaint and denied the plaintiff's motion pursuant to CPLR 3211(g)(3) for leave to conduct discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2021, the Metropolitan Transit Authority held a press conference during which its chair discussed, inter alia, the plaintiff's suspension from his position as an assistant conductor for the Long Island Rail Road due to his alleged involvement in the United States Capitol riot on January 6, 2021. Thereafter, the defendants, a cable operator, a news network, and a publisher, published a news article and a televised news report summarizing the press conference. The plaintiff commenced this action against the defendants to recover damages for defamation.
The defendants moved, inter alia, pursuant to CPLR 3211(a) and (g) to dismiss the amended complaint. The plaintiff opposed the defendants' motion and moved pursuant to CPLR 3211(g)(3) for leave to conduct discovery. In an order dated July 20, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the amended complaint and denied the plaintiff's motion for leave to conduct discovery. The plaintiff appeals.
"'The privilege afforded by Civil Rights Law § 74 is an affirmative defense to a claim of defamation'" (Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 676, quoting Greenberg v Spitzer, 155 AD3d 27, 42). Civil Rights Law § 74 provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." "For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate" (Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67; see Mistretta v Newsday Media Group, 200 AD3d 775). Here, the news article and the televised news report were both substantially accurate reports of the press conference (see Civil Rights Law § 74; [*2]Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d at 67; Mistretta v Newsday Media Group, 200 AD3d 775). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the amended complaint.
CPLR 3211(g)(3) provides that in cases involving public petition and participation, all discovery, hearings, or other motions are stayed during the pendency of a motion to dismiss. A court may direct specified discovery "upon a showing by the nonmoving party, by affidavit or declaration under penalty of perjury that, for specified reasons, it cannot present facts essential to justify its opposition" (id.). Here, the Supreme Court properly denied the plaintiff's motion for leave to conduct discovery because the plaintiff failed to satisfy the requirements of CPLR 3211(g)(3) by specifying the reasons and the essential facts he could not present to justify his opposition to the defendants' motion (see generally id. § 3212[f]; Tarasiuk v Levoritz, 216 AD3d 1031, 1035; Colantonio v Mercy Med. Ctr., 135 AD3d 686, 693).
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court