Trump Vil. Section 4, Inc. v Luca (2025 NY Slip Op 05118)

Trump Vil. Section 4, Inc. v Luca

2025 NY Slip Op 05118

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00712
 (Index No. 151089/23)

[*1]Trump Village Section 4, Inc., et al., appellants-respondents, 
v
Violeta Luca, defendant-respondent, Alexander Kats, respondent- appellant, et al., defendants.

Veridian Legal P.C., New York, NY (Daniel S. Szalkiewicz and Cali P. Madia of counsel), for appellants-respondents.
Eric Nelson, Staten Island, NY, for respondent-appellant.
Violeta Luca, Brooklyn, NY, defendant-respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, and the defendant Alexander Kats cross-appeals, from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated December 20, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Alexander Kats and the defendant Violeta Luca which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant Alexander Kats which was pursuant to Civil Rights Law §§ 70-a and 76-a and for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Alexander Kats and the defendant Violeta Luca and one bill of costs to the plaintiffs payable by the defendant Alexander Kats.
In 2023, the plaintiffs commenced this action against, among others, the defendants Alexander Kats and Violeta Luca, inter alia, to recover damages for defamation. The complaint alleged that Kats and Luca made defamatory statements about the plaintiffs in October 2022 via a phone application and website called "OneRoof," which provided users with an "app-assigned building code." Kats and Luca separately moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them and pursuant to Civil Rights Law §§ 70-a and 76-a for an award of attorneys' fees. In an order dated December 20, 2023, the Supreme Court, inter alia, granted those branches of the separate motions of Kats and Luca which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them and denied that branch of Kats's motion which was pursuant to Civil Rights Law §§ 70-a and 76-a for an award of attorneys' fees. The plaintiffs appeal, and Kats cross-appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction, the court is to determine only whether the facts as alleged fit [*2]within any cognizable legal theory, and the facts pleaded are presumed to be true and are to be accorded every favorable inference" (Pinnacle Capital, LLC v O'Bleanis, 214 AD3d 913, 915 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Nofal v Yousef, 228 AD3d 772, 773-774 [internal quotation marks omitted]; see Fon v Krowe, 204 AD3d 889, 890). "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action" (Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d 694, 695 [internal quotation marks omitted]; see Gross v New York Times Co., 82 NY2d 146, 152-153). "Thus, an expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be" (North Shore Towers Apts. Inc. v Kozminsky, 219 AD3d 494, 495 [alteration and internal quotation marks omitted]; see Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d at 495). "Mere rhetorical hyperbole is not actionable" (Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d at 695 [internal quotation marks omitted]; see Tsamasiros v Jones, 232 AD3d 816, 818).
Here, the plaintiffs failed to state a cause of action to recover damages for defamation. The allegedly defamatory statements either constituted rhetorical hyperbole, lacked a precise meaning, or were not capable of being proven true or false (see North Shore Towers Apts. Inc. v Kozminsky, 219 AD3d at 495-496; Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d at 495; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d 553, 554). Given the context and tone of the allegedly defamatory statements, reasonable readers would have concluded that they were reading opinions, rather than facts, about the plaintiffs (see Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d at 495; Board of Mgrs. of Brightwater Towers Condominium v Shlivko, 186 AD3d at 554). Therefore, the Supreme Court properly granted those branches of the separate motions of Kats and Luca which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
The Supreme Court also properly denied that branch of Kats's motion which was pursuant to Civil Rights Law §§ 70-a and 76-a for an award of attorneys' fees. A strategic lawsuit against public participation, also known as a SLAPP suit, is defined as an action that, among other things, is based on "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" (id. § 76-a[1][a][1], [2]; Tcharnyi v Mendez, 221 AD3d 930, 931). "The term '"public interest" shall be construed broadly, and shall mean any subject other than a purely private matter'" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 84 [alteration omitted], quoting Civil Rights Law § 76-a[1][d]). However, "'publications directed only to a limited, private audience are matters of purely private concern'" (Tsamasiros v Jones, 232 AD3d at 819, quoting Huggins v Moore, 94 NY2d 296, 303).
Here, contrary to Kats's contention, the allegedly defamatory statements concerned a purely private matter and were directed only to a limited, private audience (see id.; Tcharnyi v Mendez, 221 AD3d at 931). Moreover, the allegedly defamatory statements did not implicate any issue of broad public interest (see Huggins v Moore, 94 NY2d at 303-304; Tsamasiros v Jones, 232 AD3d at 819). Therefore, the Supreme Court properly determined that Kats was not entitled to an award of attorneys' fees pursuant to Civil Rights Law §§ 70-a and 76-a (see Tsamasiros v Jones, 232 AD3d at 819; Miller v Appadurai, 214 AD3d 455, 456).
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court